UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWARD KELLEY AND** | * | **CIVIL ACTION NO.** |
| **BARBARA KELLEY** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE & CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

*************************************************************************

## NOTICE OF REMOVAL

NOW COMES, through undersigned counsel, defendant, State Farm Fire and Casualty Company ("State Farm"), which files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court.

**I.     INTRODUCTION**

1.

Plaintiffs brought this action against defendant State Farm in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing Case No. 115-529, Div. C, and entitled "*Howard Kelley and Barbara Kelley v. State Farm Fire and Casualty Company.*" (See Plaintiffs' Petition attached in its entirety hereto as **Exhibit A**).

{N0366016 -}

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' rental dwelling insurance policy in connection with Hurricane Katrina. In addition to Plaintiffs' claims under the terms of the policy, Plaintiffs seek general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973[1].

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states...."

### A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES

4.

Complete diversity of citizenship exists between the parties: Howard and Barbara Kelley allege to be residents of Pearl River County and citizens of the State of Mississippi; State Farm Fire and Casualty Company is incorporated and has its principal place of business in Illinois and is, therefore, domiciled in the State of Illinois.

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

5.

Based on information and belief of State Farm, the amount in controversy herein exceeds $75,000.

---

[1] Plaintiffs' petition cites La. R.S. 22:658 and 22:1220. Those statutes have been renumbered to La. R.S. 22:1892 and 22:1973. We will assume that Plaintiffs are seeking damages from La. R.S. 22:1892 and 22:1973 and we will cite to them as such for the remainder of this notice.

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, it is facially apparent from Plaintiffs' Petition and the facts in this case support a finding that the amount in controversy herein exceeds $75,000.

8.

The coverage limits on Plaintiffs' rental dwelling policy amount to $78,051 plus Loss of Rent coverage. The policy provides the following coverage limits: (1) $67,951 for dwelling; (2) $6,795 for dwelling extension; (3) $3,305 for contents; and (4) the actual Loss of Rent sustained. Based on information and belief, State Farm has issued payment in the amount of $7,177.19. The amount allegedly at issue under the policy itself is $70,873.81 plus an unspecified amount of Loss of Rent, as Plaintiffs claim they suffered a "total loss."

9.

In addition to the claims under the policy, the plaintiffs seek damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973.

10.

In connection with their rental dwelling policy, Plaintiffs allege in their Petition that, as a result of Hurricane Katrina, their property was "severely damaged, resulting in a total loss." Plaintiffs' Petition ¶ III. Plaintiffs' claims can be summarized as follows (Plaintiffs' Petition):

a. Alleged liability for refusal to meet obligations under the policy and alleged refusal to pay the full amount of damages due to Plaintiffs;

b. Alleged liability for failure to administer the claims justly and fairly by using arbitrary and capricious standards to determine the loss, including but not limited to refusing to consider damage to any property below the water line, underestimating the cost of repair, and failing to include all covered damages;

c. Alleged liability for refusal to establish property loss reserves;

d. Alleged liability for specific performance of the insurance contract;

e. Alleged liability for the policy limits of Plaintiffs' total loss under La. Rev. Stat. 22:695;

f. Alleged liability for damages due to wind and water damage and all resulting damages;

g. Alleged liability for misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue;

h. Alleged liability for failing to pay the amount of any claim, due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious or without probable case;

i. Alleged liability for interest, punitive damages, attorney's fees and expenses provided by applicable statutes; and

j. Alleged liability for damages, injuries, inconvenience, physical discomfort, pain and suffering and past, present and future mental anguish.

11.

Based on the preponderance of the evidence, it is facially apparent from Plaintiffs' Petition and the foregoing facts and allegations support a finding that the amount in controversy is in excess of $75,000.

### C.   THE PLAINTIFFS DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY *WITH THEIR COMPLAINT*

12.

To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. See *Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

13.

The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul*

makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm and Casualty, et. al.*, 2006 WL 1581272, *2 (E.D.La. 2006).

14.

No such binding stipulation and renunciation has been made.

15.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar*, *Allen* and *Davis*, State Farm has met its burden of showing that that the amount in controversy is likely in excess of $75,000.

16.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

III. **STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

17.

Defendant's first notice of the filing of the Petition was on June 4, 2010 when State Farm's agent for service of process, the Louisiana Secretary of State, was served with the lawsuit. **(Exhibit B)**.

18.

This Notice of Removal was filed within thirty (30) days after first receipt by defendant of a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which gives federal jurisdiction over claims that involve complete diversity of citizens of diverse states and at least $75,000 in controversy.

20.

The 34th Judicial District Court for the Parish of St. Bernard, where Plaintiffs filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

21.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**. In addition, a copy of the Motion and Order for Extension of Time is attached as **Exhibit C**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and a copy is being filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard, the Parish where Plaintiffs filed the Petition for Damages.

22.

No previous application has been made for the relief requested herein.

23.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this court's docket.

Respectfully submitted,

/s/David A. Strauss
DAVID A. STRAUSS, #24665
SUSAN E. DINNEEN, #30479
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com
sdinneen@kingkrebs.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 2nd day of July, 2010.

/s/David A. Strauss
DAVID A. STRAUSS

{N0366016 -}   8